HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN FRANKS,<br><br>                       Plaintiff,<br><br>    v.<br><br>THE NIELSEN COMPANY (US), LLC; GRACENOTE, INC.; JOHN DOES 1-10,<br><br>                       Defendants. | No. 23-cv-06150<br><br>**DEFENDANTS THE NIELSEN COMPANY (US), LLC AND GRACENOTE, INC.'S MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: March 15, 2024** |

## I.    INTRODUCTION

Plaintiff Justin Franks ("Plaintiff") asserts claims of race discrimination and retaliation under various statutes, relating to his former employment with The Nielsen Company (US), LLC and Gracenote, Inc. (collectively, "Defendants"). While all his claims will be shown to fail as a matter of law in due course, his claims under California law are ripe for dismissal now. Counts V (race discrimination under California law) and VI (retaliation under California law) should be dismissed with prejudice because Plaintiff failed to plead facts to support that California law has any application to any timely allegations in his Complaint (Dkt. No. 1, "Compl.").

DEFENDANTS' MOTION TO DISMISS– Page 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## II. FACTUAL BACKGROUND

### A. Procedural History

On December 12, 2023, Plaintiff filed a Complaint in the United States District Court for the Western District of Washington. (Dkt. No. 1.) Plaintiff's Complaint alleges six counts against Defendants: (1) racial discrimination in violation of 42 U.S.C. § 1981; (2) retaliation in violation of 24 U.S.C. § 1981; (3) race discrimination in violation of the Washington Law Against Discrimination; (4) retaliation in violation of the Washington Law Against Discrimination; (5) race discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); and (6) retaliation in violation of the FEHA. (*See* Plaintiff's Complaint ("Compl.").)

### B. Allegations in the Complaint

Plaintiff's wide-ranging Complaint contains more than 90 paragraphs, which are mostly made up of narrative stories dating back to 2015, some of which have no connection to Plaintiff or his own employment with Defendants. The allegations most relevant to the instant motion are summarized below:

In 2015, Plaintiff received and accepted an offer to join Gracenote as a manager. (Compl. ¶ 7.) Plaintiff had many years of experience working at tech companies, and using this experience, he hired and trained two new DevOps and Cloud teams. (*Id*. ¶¶ 8, 9.) In 2017, Gracenote was acquired by Nielsen, a Delaware corporation. (*Id*. ¶ 10.) Plaintiff began reporting to Nielsen's Chief Technology Officer after the acquisition and was promoted to "Director" sometime in 2017 after the Nielsen-Gracenote merger was completed. (*Id*. ¶¶ 14,

DEFENDANTS' MOTION TO DISMISS– Page 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

15.) Nielsen then appointed Plaintiff to serve as the head of its employee resource group for Black employees in North America, known as "SABLE." (*Id.* ¶ 17.) In 2019, Plaintiff moved from California to Washington and has lived there since. (*Id.* ¶¶ 6, 79, 87.) He traveled to California for work only before the COVID-19 pandemic. (Compl. ¶¶ 79, 87.) Plaintiff alleges that his manager was located in California only until March 2022 and that this manager "engaged in conduct that adversely affected Plaintiff there" without any specific allegations. (*Id.* ¶¶ 79, 87.) Defendants, via Chief Talent Officer Adam Levy and Chief Diversity Officer Sandra Sims-Williams, informed Plaintiff that his position was being eliminated, thus ending his employment, on March 21, 2023. (*Id.* ¶¶ 26, 31, 48.)

Plaintiff thereafter filed a complaint of discrimination on November 21, 2023 with the California Department of Fair Employment and Housing ("DFEH"), which issued him a right-to-sue notice dated November 30, 2023. (*Id.* ¶¶ 85, 93.)

### III. ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint must set forth "more than labels and conclusions,

DEFENDANTS' MOTION TO DISMISS– Page 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### A. California Law Does Not Apply to Actions Taken After Plaintiff's 2019 Relocation

Although it is unclear whether Plaintiff attempts to include additional earlier alleged adverse actions in Counts V and VI, as addressed *infra*, California law does not apply to his principle adverse action, the termination of his employment, or any other actions taken after he moved out of California in 2019. As Plaintiff states in his Complaint, he became a resident of Washington in 2019. (Compl. ¶ 79.) Plaintiff was informed of the elimination of his position on March 21, 2023. (*Id.* ¶ 48.)

Plaintiff lived and worked outside the state of California after 2019, however the FEHA could only apply to claims based on conduct that occurred within the state of California. It is well established that California's state law embodies a presumption against the extraterritorial application of its own statutes. *See Rulenz v. Ford Motor Co.*, No. 10cv1791–GPC–MDD, 2013 WL 2181241, at *3 (S.D. Cal. May 20, 2013) (citing *Diamond Multimedia Sys., Inc. v. Super Ct.*, 19 Cal. 4th 1036 (1999)). This principle applies with full force to claims brought pursuant to the FEHA.

California courts have found that FEHA does not apply to non-residents employed outside the state when the tortious conduct did not occur in California. In *Campbell v. Arco*

DEFENDANTS' MOTION TO DISMISS– Page 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Marine, Inc.*, 42 Cal. App. 4th 1850, 1852 (1996), the court held that the FEHA did not apply to harassment of a Washington resident that took place on a ship that occasionally had stopovers at California ports. The court explained it was "unwilling to . . . apply[] this state's employment-discrimination regime to nonresidents employed outside the state" and that "applying [California's] employment-discrimination regime to nonresidents employed outside the state," even those employed by a California employer, "would raise difficult issues of constitutional law." (*Id*. at 1859.)

Thus, to properly plead and survive a motion to dismiss on a FEHA claim, a plaintiff must sufficiently allege the allegedly discriminatory or retaliatory conduct occurred in the state of California. *See Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988, 2007 U.S. Dist. LEXIS 11728, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (dismissing FEHA claim for failure to state with specificity that the alleged tortious conduct took place in California); *Rulenz*, 2013 WL 2181241, at *4-5 (dismissing FEHA claims of a California resident where the majority of her allegations involved acts which occurred in the state of Nevada); *Gulaid v. CH2M Hill, Inc.*, No. 15-cv-04824-JST, 2016 WL 926974 (N.D. Cal. Mar. 10, 2016) (dismissing FEHA claims where the plaintiff failed to plead that specific allegations took place in California or were conducted by California employees); *Gonsalves v. Infosys Techs, Ltd.*, No. C 09-04112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) (dismissing FEHA claims and holding that "[i]f California-based employees participated in or ratified the alleged tortious conduct, the complaint must so state with specificity so that the Court can determine if these actions are sufficient to state a claim under FEHA").

In this case, it is no surprise to Defendants that Plaintiff does not even attempt to connect any alleged discriminatory or retaliatory acts in connection with his termination (or any other actions after his relocation) to California, nor that he omits the locations where Levy and Sims-Williams, who informed him of his position elimination, worked. With no allegations to connect his employment termination (or any other actions after his relocation) to conduct or employees in California, Plaintiff has failed to state a claim for discrimination or retaliation based on the termination or any other alleged actions taken prior to 2020, and this Court should dismiss Counts V and VI accordingly.

### B. All Claims Prior to 2020 Are Time-Barred Under California Law

As set forth *supra*, Plaintiff's complaint is wide ranging, and he does not make clear what specific conduct he contends to be discriminatory or retaliatory adverse actions as opposed to merely part of the colorful backdrop he portrays to the Court. To the extent that Plaintiff intends to base his California FEHA claims on any action prior to his 2019 move to Washington, such claims are time-barred because he failed to timely exhaust his administrative remedies.

For any alleged conduct that occurred before January 1, 2020, Plaintiff was required to file an administrative complaint with the DFEH no later than one year from the date of the alleged unlawful conduct before filing a lawsuit under the FEHA. Cal. Gov't Code § 12960(d); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 716 (9th Cir. 1990) ("Exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts.") (quoting *Bennett v. Borden, Inc.*, 56 Cal. App. 3d 706, 709–10 (1976)); *Romano v.*

DEFENDANTS' MOTION TO DISMISS– Page 6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Rockwell Int'l., Inc.*, 14 Cal. 4th 479, 492 (1996) (timely filing of an administrative complaint, and exhaustion of that remedy, is a prerequisite to maintenance of a civil action for damages under the FEHA).[1]

Plaintiff moved out of California in 2019 and did not subsequently travel to California for work due to the COVID-19 pandemic. (Compl. ¶¶ 6, 79, 87.) Therefore, he had, at the latest, until December 31, 2020[2] to file a complaint with the DFEH for any conduct that occurred when he was employed in and lived in California. Yet, Plaintiff did not file his DFEH complaint until November 22, 2023.[3] (Compl. ¶¶ 85, 93.) Because Plaintiff did not exhaust his administrative remedies within the one-year statute of limitations with respect to any alleged conduct that happened while he worked and lived in California, any remaining portions of Counts V and VI not disposed of *supra* are time-barred and must be dismissed with prejudice.

---

[1] As of January 1, 2020, AB 9 effectively amended Government Code sections 12960 and 12965 to state that all FEHA claims have a statute of limitations that extends to three years from the date of the discrimination, retaliation, or harassment. *Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11 Cal. 5th 918, 931 (2021). The new three-year period of AB 9 applies, however, only to FEHA claims that arise *after* the enactment date (January 1, 2020) and does not retroactively include previous violations. "*This act shall not be interpreted to revive lapsed claims*." (A.B.9, 2019 Cal Stat. Ch. 709, Sec. 3.) (emphasis added).

[2] Plaintiff does not state which month he moved out of California, so for purposes of this Motion Defendants construe the facts in the light most favorable to Plaintiff.

[3] Under the new statute (AB 9), any alleged wrongful conduct that occurred prior to November 22, 2020—three years before Plaintiff filed his DFEH complaint—is also time-barred.

DEFENDANTS' MOTION TO DISMISS– Page 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## IV. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court dismiss, pursuant to FRCP Rule 12(b)(6), Plaintiff's fifth and sixth counts for relief with prejudice, and award any further relief deemed appropriate.

I certify that this memorandum contains 1,821 words, in compliance with the Local Civil Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
Victoria E. Ainsworth, WSBA No. 49677
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com
tainsworth@corrcronin.com

Cardelle Bratton Spangler, *Admitted Pro Hac Vice*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600 Phone
(312) 558-5700 Fax
CSpangler@winston.com

Whitney Williams, *Admitted Pro Hac Vice*
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
(213) 615-1700 Phone
(213) 615-1750 Fax
WhWilliams@winston.com

*Attorneys for Defendants*

DEFENDANTS' MOTION TO DISMISS– Page 8

**Corr Cronin LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900