HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN FRANKS,

        Plaintiff,

  v.

THE NIELSEN COMPANY (US), LLC;
GRACENOTE, INC.; JOHN DOES 1-10,

        Defendants.

No. 3:23-CV-06150

**DECLARATION OF JUSTIN FRANKS IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL, ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO DISMISS**

Note on Motion Calendar: July 19, 2024

I, Justin Franks, hereby make this declaration in opposition to Defendants The Nielsen Company (US), LLC's and Gracenote, Inc.'s Motion to Compel Arbitration, and In the Alternative, Motion to Dismiss, and state as follows:

1. I have personal knowledge of the facts stated in this declaration and, if called upon to do so, could and would testify competently thereto, except where I make a statement on information and belief, in which case I am informed and believe the statement to be true.

2. In 2015, I received and accepted an offer of employment at Gracenote, Inc.

3. On or about October 12, 2015, I arrived at Gracenote for my first day of employment.

DECLARATION OF JUSTIN FRANKS IN SUPPORT OF PLAINTIFF'S
BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL,
ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO DISMISS
No. 3:23-cv-06150
Page 1

**STOWELL & FRIEDMAN, LTD.**
303 West Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888

4. That day, I was asked to attend a Human Resources ("HR") onboarding session.

5. At the end of the onboarding session, an HR associate asked me to sign a variety of documents, including documents within and related to the Employee Handbook.

6. At no time did the HR associate explain that I was waiving my rights to bring discrimination or retaliation claims in court.

7. I signed an acknowledgement that I received the Employee Handbook, which indicates that the "policies contained in the Handbook are not intended to create any contractual rights or obligations."

8. Based on this language, I did not understand that any portion of the Employee Handbook would be legally binding and therefore did not understand that signing any other portions of the Employee Handbook could waive my right to present statutory discrimination and retaliation claims to court.

9. I would not knowingly waive rights afforded to me in the Constitution unless it was under duress, coercion, or similar.

10. To the contrary, when I learned that Defendants were asserting that I had signed an agreement to arbitrate employment discrimination and retaliation claims, I was stunned and had no recollection of any such agreement.

11. I therefore requested that my attorneys physically examine the documents.

12. I received a copy of those documents, including the Acknowledgement of Receipt. I recognized my signature on that document and recognized it as the acknowledgement I signed during my onboarding.

DECLARATION OF JUSTIN FRANKS IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL, ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO DISMISS
No. 3:23-cv-06150
Page 2

STOWELL & FRIEDMAN, LTD.
303 West Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888

13. Even today as I read these documents, I do not understand the Employee Handbook or the policies within it, including the arbitration policy, to create a contract. I understand the language in the acknowledgement I signed to say the opposite.

14. A true and correct copy of the signed Acknowledgement of Receipt is attached as Exhibit A.

I declare under the penalty of perjury under the laws of Washington and the United States that the forgoing is true and correct, and that this declaration was executed on June 28, 2024 in South Bend, Washington.



Justin Franks

DECLARATION OF JUSTIN FRANKS IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL, ARBITRATION, OR IN THE ALTERNATIVE, MOTION TO DISMISS
No. 3:23-cv-06150
Page 3

**STOWELL & FRIEDMAN, LTD.**
303 West Madison Street, Suite 2600
Chicago, Illinois 60606
(312) 431-0888